Filed 9/19/14  P. v. Morgan CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>ANTHONY RAY MORGAN,<br><br>        Defendant and Appellant. | D065020, D065197<br><br><br>(Super. Ct. No. JCF28153, JCF31091) |

APPEAL from a judgment of the Superior Court of Imperial County, L. Brooks Anderholt and William D. Lehman, Judges.  Affirmed.

Amanda Fates, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury convicted Anthony Ray Morgan of burglary (Pen. Code, § 459) in case No. D065197.  In case No. D065020, Morgan entered a guilty plea to felony taking of a vehicle (Veh. Code, § 10851, subd. (a)).

The court sentenced Morgan to six years in prison in case No. D065197 and to a concurrent three-year term for case No. D065020. Morgan filed a timely notice of appeal.

Counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating she is unable to present a reasonably arguable issue for reversal on appeal and asks this court to review the record for error as required by *Wende*. As required by *Anders v. California* (1967) 386 U.S. 738 (*Anders*) counsel has indentified three possible, but not reasonably arguable issues for our consideration.

We offered Morgan the opportunity to file his own brief on appeal and he has responded with a letter brief. We will address Morgan's brief separately below.

STATEMENT OF FACTS

In the burglary case, D065197, the victim came home on March 30, 2013, and discovered his home had been entered. He saw a woman outside and a man inside. When he approached, the man and the woman fled.

That evening the victim gave a description of the male suspect. About one month later the victim was arrested and found himself in custody with Morgan. The victim was afraid. After he was released from custody the victim was visited by several people who urged him not to testify.

The victim testified he was under the influence of drugs at the time of the burglary. He testified he thought Morgan was not the burglar.

DISCUSSION

As we have noted appellate counsel has indicated she is unable to discover any reasonably arguable issue for reversal on appeal. Thus, counsel asks this court to review the record as required by *Wende, supra*, 25 Cal.3d 436. In accordance with *Anders, supra*, 386 U.S. 738, counsel has identified the following possible, but not arguable issues for our consideration:

1. Whether it was error for Officer Magana to testify, without objection, that he was very familiar with Morgan due to prior police contacts?

2. Whether it was error to allow the victim to testify, without objection, that several people came to his house to encourage him not to testify in this case?

3. Whether in the vehicle theft case, D065020, the court erred in imposing, without objection, a $550 restitution order?

As we have noted, Morgan has filed his own supplemental brief. In that brief Morgan essentially argues his counsel was ineffective, the witnesses were not truthful, and the prosecutor committed misconduct by presenting false testimony. Unfortunately, there is nothing in the record that would permit us to review his contentions. These issues were not developed in the trial court and Morgan has not cited us to anything in the record.

It appears that Morgan's remedy, if any, is to file a petition for habeas corpus in the Imperial County Superior Court. (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267.)

We have reviewed the entire record and have not discovered any reasonably arguable issues for reversal on appeal.  Morgan has been represented by competent counsel on this appeal.

DISPOSITION

The judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

HALLER, J.

AARON, J.